## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SALAM NOHRA-CHALOUHIL ELZOGHBI
and LOUIS BATOR-YOUSSEF ELZOGHBI,

       Plaintiffs,

                                 Case No. 08-12237

v.                                Hon. Lawrence P. Zatkoff

MACY'S EAST, an unincorporated division
of Macy's Retail Holdings, Inc.,

       Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 13, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's motion for partial summary judgment [dkt 26]. Plaintiffs have filed a response to Defendant's motion, and the time period for Defendant to file a reply brief has elapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.

## II. BACKGROUND

This premises-liability case arises out of a December 4, 2005, incident at a Macy's retail department store located in Dearborn, Michigan. Plaintiff Salam Elzoghbi ("Mrs. Elzoghbi") was perusing a display of blue jeans when a large plexiglass display sign allegedly slid from the display

table and struck Mrs. Elzoghbi's leg. Plaintiffs allege that this incident caused Mrs. Elzoghbi to suffer serious physical and emotional injuries. Plaintiff Louis Elzoghbi ("Mr. Elzoghbi") has filed a loss-of-consortium claim. In addition to non-economic damages, Plaintiffs seek $5,462,000 in economic damages.

Defendant maintains that the sign did not create an unreasonably dangerous condition on its premises and that any danger from the sign was "open and obvious." Defendant also contests the severity of Mrs. Elzoghbi's injuries and argues that Mrs. Elzoghbi's own negligence prevents her from recovering non-economic damages under Michigan law.

On May 15, 2009, Defendant filed a motion to extend the dispositive motion cut-off date because it had just recently been informed of the extent to which Plaintiffs sought economic damages. The Court granted Defendant an extension to file a motion for summary judgment limited to the issue of Plaintiffs' alleged economic damages.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the

2

nonmoving party has alleged none.  The moving party must also set forth facts sufficient to establish

its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will

be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury

could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

Defendant insists that summary judgment is appropriate on the majority of Plaintiffs'

economic damages because Plaintiffs have produced no documentation or other evidence of their

purported losses.  Defendant believes that summary judgment should be entered as to $5,326,000

of Plaintiffs' requested economic damages of $5,462,000.

Plaintiffs' asserted economic damages can be paraphrased as follows:

| Expense | Amount |
|---|---|
| 1. Trips to Vancouver, Canada, for treatment | $60,000 |
| 2. Extra daycare | $8,000 |
| 3. Nanny | $12,000 |
| 4. Testing/Medical expenses in Vancouver | $18,000 |
| 5. Trips to Ann Arbor, Michigan, for treatment | $5,000 |
| 6. Housekeeping services | $8,000 |
| 7. Chef/cook services | $5,000 |
| 8. Unpaid credit cards due to medical debt | $33,000 |
| 9. Nurses, Masseuses, and Physical Therapists | $14,000 |
| 10. Special Teacher/Tutor for children | $7,000 |
| 11. Lost projects-present and future | $3,000,000 |
| 12. Lost business and lost investments | $2,000,000 |
| 13. Debts to relatives for money borrowed | $200,000 |
| 14. Sale of car for cash proceeds | $12,000 |
| 15. Relocation to home country | $80,000 |
| Total | $5,462,000 |

In their response brief, Plaintiffs offered to dismiss the vast majority of their claimed

economic damages in exchange for Defendant agreeing that it will not inform the jury that Plaintiffs

3

sought those damages.  Under this agreement, Plaintiffs would continue to seek economic damages in the amount of $27,000 for housekeeping, chefs, and nurses, masseuses, and therapists (*i.e.*, Expenses # 6, 7, and 9 from the above list).  Defendant did not file a reply brief, and the parties have not submitted a stipulation agreeing to the above proposal.  Therefore, the Court will decide Defendant's motion on the merits.[1]

Plaintiffs contend that they should not be precluded from litigating the issue of economic damages.  While Plaintiffs admit that they do not possess documentary evidence to support their alleged damages, they intend to present alternative forms of evidence at trial, including their testimony, other witness testimony, and documents not in their possession.  Plaintiffs argue that the proper evaluator of such evidence is a jury.  The Court agrees.

In *Natron Corp. v. Tuthill Corp.*, No. 05-70323, 2006 WL 2042609 (E.D. Mich. July 20, 2006) (Zatkoff, J.), this Court faced a similar situation, as the plaintiff in a breach-of-contract dispute sought undocumented reliance damages in the amount of $813,502.  This Court held that the plaintiff could, in the absence of documentary evidence, present testimony to prove the alleged damages, which would "of course, be subject to cross-examination by Defendant[.]"  It also noted that "whether Plaintiff's testimony is believable is ultimately for the jury to decide."  *Id*. at *2.

Although *Natron* decided a motion in *limine*, rather than a motion for summary judgment, the Court finds the reasoning employed in that case compelling.  Plaintiffs may present evidence through their personal testimony, through the testimony of others, and through other admissible documentary evidence.  Defendant will have the opportunity to cross-examine these witnesses, and

---

[1]This opinion in no way bars the parties from subsequently agreeing to the stipulation set forth in Plaintiffs' response brief or any other stipulation on the issue of economic damages.

the jury will make any determinations of credibility. Thus, the Court finds that genuine issues of material fact exist that preclude an entry of summary judgment as to Plaintiffs' alleged economic damages.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's motion for partial summary judgment [dkt 26] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 13, 2009.

S/Marie E. Verlinde_____
Case Manager
(810) 984-3290